[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #108, MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF
The plaintiff alleges by way of a complaint dated September 25, 2000, that on or about October 1, 1998, she was operating a motor vehicle on Whitney Avenue in the town of Hamden Connecticut. She further alleges that at said time and place the defendant, Robert Dingus was also traveling on said Whitney Avenue and that their vehicles collided and as a result thereof she sustained injuries.
On November 14, 2001, the defendant filed a "Motion to Compel IME of the Plaintiff". The motion provides in pertinent part that:
 . . . Following the right knee surgery, this office contacted Attorney Parnoff on October 9, 2001, with the names of three doctors from which the plaintiff was to select in order to undergo an IME. On October 12, 2001, Attorney Parnoff sent this office a letter listing seven doctors, none of which included the three doctors that were initially proposed by the defendant, Robert Dingus, In an attempt to work out an agreement rather than bring the court into this matter, I selected one of the seven doctors proposed by Attorney Parnoff and scheduled the IME with Dr. Peter Jokl for December 6, 2001 at 1:30 p.m. . . . However, should additional surgery be necessary to the plaintiff and she is rated for permanency, then the defendant, Robert Dingus, would request that the court reserve his right to have the plaintiff return to Dr. Jokl for the sole purpose of evaluating the plaintiff for PPD purposes . . . On November 2, 2001 this office received a call from Attorney Parnoff advising that there would be an objection if the plaintiff was to be evaluated by Dr. Jokl on two separate occasions . . .
Section 13-11 of the Practice Book concerns physical examinations. Subsection 13-11 (b) of the Practice Book provides as follows:
 (b) In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve in accordance with Sections 10-12 through 10-17 a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party. That request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. The objection shall be placed on the short calendar list upon the filing thereof The judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing. (emphasis added)
In the instant action, although counsel suggested that he might object to the subject IME under certain conditions, no objection has been filed with the Court.
This Court agrees with the well-reasoned and comprehensive decision of Judge Blue in Privee v. Burns, No. 395074 (Jun. 1, 1999),1999 Ct. Sup. 7650. The Court in Privee came to the conclusion that "The plaintiff has an unconditional statutory right to object to `any physician'." Id. at 7675. However no objection to an Independent Medical Examination" was ever filed in this matter.[1] In light of the foregoing, the plaintiff shall undergo an independent medical examination by Peter Jokl, M.D., on December 6, 2001, unless beforehand, objections are filed in accordance with the appropriate statutes and Practice Book sections.
So ordered.
 Richard A. Robinson, J December 3, 2001
CT Page 16019